IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH EDWARD McNAIR,                    )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )    Civil Action No. 22-1289
                                        )
MARTIN O'MALLEY,                        )
*Commissioner of Social Security*,      )
                                        )
                    Defendant.          )

O R D E R

AND NOW, this 14th day of March, 2024, upon consideration of Defendant's Motion for

Summary Judgment (Doc. No. 16) filed in the above-captioned matter on February 15, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

14) filed in the above-captioned matter on January 13, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN

PART.  Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the

Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and

denied in all other respects.  Accordingly, this matter is hereby remanded to the Commissioner

for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

## I.    **Background**

Plaintiff Keith Edward McNair protectively filed a claim for Supplemental Security

Income benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 *et seq.*,

effective April 28, 2017, claiming that he became disabled on December 4, 2016, due to post-

traumatic stress disorder ("PTSD"), neurological disorder, burns and nerve damage, fibromyalgia, and rheumatoid arthritis. (R. 16, 144-52, 178). After being denied initially on June 16, 2017, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"). (R. 16, 55-68, 84-86). After a hearing held on March 5, 2019 (R. 32-54), the ALJ denied Plaintiff's request for benefits in an unfavorable decision dated May 29, 2019. (R. 16-27). On June 26, 2020, the Appeals Council declined to review the ALJ's decision. (R. 1-3). Plaintiff filed an appeal with this Court, and the parties have filed cross-motions for summary judgment. (Doc. Nos. 14, 16).

## II.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'") (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). If the district court finds the Commissioner's findings of fact are supported by substantial evidence then it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by

substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour*, 806 F.2d at 1190-91.

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* To facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 416.920.  At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity.  *See id.* at § 416.920(a)(4)(i).  If so, the disability claim will be denied.  *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment.  *See* 20 C.F.R. § 416.920(a)(4)(ii).  "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  *Id.* at § 416.922.  If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits.  If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 416.920(a)(4)(iii).  If a claimant meets a listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC").  A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments.  *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 416.945(a).   In crafting the RFC, the ALJ must consider all the evidence in the record. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000).  At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work.  *See*

*Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  If the ALJ determines that the claimant lacks

the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final

step.  *See* 20 C.F.R. § 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate

that the claimant is capable of performing other available work in the national economy in order

to deny a claim of disability.  *See id.* at § 416.920(a)(4)(v).  In making this determination, the

ALJ must consider the claimant's RFC, age, education, and past work experience.  *See id.*  The

ALJ must further analyze the cumulative effect of all the claimant's impairments in determining

whether he or she is capable of performing work and is not disabled.  *See id.* at § 416.923.

## III.   The ALJ's Decision

In her May 29, 2019 decision, applying the sequential evaluation process, the ALJ found

that Plaintiff had not been engaged in substantial gainful activity since the application date.  (R.

18).  The ALJ also found that Plaintiff met the second requirement of the process insofar as he

had the severe impairments of status-post skin grafts for burns, depression, anxiety, and PTSD.

She found that Plaintiff's alleged limitations of neurological disorder, fibromyalgia, and

rheumatoid arthritis did not qualify as severe impairments.  (R. 18-19).  The ALJ concluded that

Plaintiff's impairments did not meet or equal any of the listings that would satisfy Step Three.

(R. 19-21).

The ALJ found that Plaintiff retained the RFC to perform light work, as defined in 20

C.F.R. 416.967(b), with additional postural, environmental, and mental restrictions.  (R. 21).  In

so finding, she found the opinion of Virginia Dato, M.D., the state agency physician, to be

somewhat persuasive, particularly as it related to Plaintiff's ability to perform light work.  (R.

25).  The ALJ used a vocational expert ("VE") to determine that Plaintiff was not capable of

performing his past relevant work at Step Four of the process.  (R. 25-26).  At Step Five, in response to a hypothetical question posed by the ALJ, the VE testified that Plaintiff could perform the requirements of representative light, unskilled occupations such as retail marker and photocopy machine operator.  (R. 26-27, 51-52).  Accordingly, the ALJ found that Plaintiff could do jobs that exist in significant numbers in the national economy and that he, therefore, was not disabled.  (R. 27).

**IV.  <u>Legal Analysis</u>**

Plaintiff's arguments revolve primarily around his contention that the ALJ did not properly evaluate the medical opinion evidence.  One way in which he argues the ALJ so erred was in failing to account for the limitations on Plaintiff's ability to walk and stand set forth in the opinion of Dr. Dato, the state agency physician.  He asserts that these limitations would preclude the light work the ALJ found him capable of performing.  The Court agrees and will remand for further consideration consistent with this Order.

As noted above, the ALJ found Plaintiff to be limited to light work with additional non-exertional limitations, specifically postural, environmental, and mental restrictions.  (R.  21).  In so finding, she found Dr. Dato's opinion to be "somewhat persuasive."  (R. 25).  The ALJ characterized Dr. Dato as having "found the claimant had the capacity for light exertional work overall," but with some postural and manipulative restrictions.  (*Id.*).  She went on to find that the record did not support the level of postural and manipulative restrictions to which Dr. Dato had opined, and accordingly, she found Dr. Dato's assessment to be only somewhat persuasive. (*Id.*).

However, as Plaintiff points out, Dr. Dato did not – as the ALJ stated – find that Plaintiff had the capacity for light exertional work overall.  She did opine that Plaintiff met the lifting

criteria for light work, but she also suggested, in addition to the postural and manipulative limitations, that Plaintiff could stand and/or walk for only two hours out of an eight-hour day. (R. 61). Light work, however, generally requires the ability to stand and/or walk at least six hours out of an eight-hour day. *See* SSR 83-10, 1983 WL 31251 (S.S.A.), at *6; 20 C.F.R. § 416.967(b). Indeed, Dr. Dato herself characterized Plaintiff as being able to perform sedentary, rather than light, work. (R. 67). The ALJ's broad statement that but for certain postural and manipulative limitations the state agency physician found Plaintiff capable of light work is therefore inaccurate. The ALJ did not in any way address Plaintiff's ability to stand or walk during the workday, nor did she discuss this inconsistency with the RFC and hypothetical question she formulated.

Defendant argues that the ALJ found Dr. Dato's opinion to be only somewhat persuasive and that she was not obligated to adopt all of the limitations contained therein. However, it is clear that the ALJ found Dr. Dato's opinion persuasive to the extent that it supported a finding that Plaintiff could perform light work, just not as to the postural and manipulative restrictions which she expressly discussed. In no way did she find Dr. Dato's opinion as to Plaintiff's ability to walk or stand to be unpersuasive; as stated above, she did not address this part of the state agency physician's opinion at all. Therefore, relying on this opinion to support an RFC permitting Plaintiff to perform light work, including presumably the ability to walk and/or stand for six hours, was in error. *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (an ALJ's evidentiary findings cannot be based on wrong reasons). This is particularly true given that the record contains another opinion, albeit a dated one of questionable relevance, that similarly limits Plaintiff to a level of standing and walking not consistent with light work. (R. 233).

The ALJ was not, of course, required to accept Dr. Dato's suggested limitations in regard to Plaintiff's ability to stand or walk.  However, the lack of any discussion of the issue prevents the Court from adequately reviewing her decision to determine if it is supported by substantial evidence.  Nonetheless, because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).[1]

**V.     Conclusion**

The record does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:          Counsel of record

---

[1]     Because the Court is remanding on this issue, it does not reach Plaintiff's other arguments.  On remand, the ALJ should consider the issues raised by Plaintiff to minimize the need for any additional remands.